No. 23,296.

JOHN HARRIS, *Appellant,* v. ARTHUR P. FIELDING, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Corporate Stock—The Corporation Was the Party to the Contract.* A contract which recited a sale of corporate stock and acknowledgment of payment therefor by a corporation, and otherwise disclosed that it was a contracting party, and signed by A. P. F., president, is held to be the contract of the corporation, and imposed no individual liability on the officer that signed it.

Appeal from Riley district court;- FRED R. SMITH, judge. Opinion filed July 9, 1921. Affirmed.

*Ira C. Snyder,* of Manhattan, *A. E. Crane,* and *A. O. Justice,* both of Topeka, for the appellant.

*R. P. Evans,* and *George Clammer,* both of Manhattan, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff, John Harris, brought this action against Arthur P. Fielding, to recover upon a written contract, and the controversy between the parties is whether the contract was with Fielding or with the Manhattan Packing Company. The trial court sustained a demurrer to his petition and he appeals.

The following is a copy of the contract:

"MANHATTAN, KAN., July 29, 1918.

"AGREEMENT.

"The Manhattan Packing Company is this day selling and delivering to Dr. John Harris, of Manhattan, Kansas, (25) twenty-five shares of the Manhattan Packing Company stock for the consideration of $2,023.95, for which the payment is hereby acknowledged, payments made as follows: $723.95 cash in hand, balance note due in one year, bearing rate of 7% from date. Payments for any amount may be applied at any time and stop interest. One note for $300.00 due in 90 days.

"The undersigned agrees to take all the above stock from Dr. Harris at the expiration of one year, at the rate of 7% from date, if the said Dr. Harris wishes to withdraw from the company at that time.

"It is understood that Dr. Harris shall not receive more than the price paid for this stock and the interest stated above, if he wishes to withdraw from the company within one year, and that he cannot sell

said stock to any one except the undersigned, Arthur P. Fielding, president.

"It is further understood that if Dr. Harris at any time after one year wishes to sell his stock at the market price, the stock shall be offered to the company, who shall always have the refusal of same at market price.

"Witness—W. B.. DALTON.

"Witness—E. P. LAWRENCE.

"(Signed)  ARTHUR P. FIELDING, *President.*

"(Signed)  JOHN HARRIS."

The plaintiff alleges that Fielding was the president and agent of the packing company and as its agent sold him twenty-five shares of stock for $2,023.95, for which he paid $723 in cash, and gave a note for $300 due in 90 days which has since been paid, and another note for $1,000 due in one year, which has since been renewed, and upon which plaintiff states that he is liable. He further alleged that the stock was sold upon the condition that if at the end of one year he wished to withdraw from the company for which he was working, the stock would be taken off his hands at a price not exceeding that which he paid for it, but that a few days before the expiration of a year it was agreed between the parties that if he would remain and work for the company, the contract would be renewed for another year. He further alleged that he continued in the employ of the company until June, 1920, when without cause or excuse he was discharged from the employment and that he then demanded that the defendant comply with the conditions of the contract and buy his shares of stock at the price paid therefor with interest, but that the demand was met by a refusal. The plaintiff therefore asked for judgment against the defendant for $2,023.95 with interest thereon at the rate of 7% from July 29, 1918.

The ruling of the court sustaining the demurrer to plaintiff's petition must be upheld. The rights of the plaintiff, whatever they may be, must be asserted against the company. The sale of the stock was a company transaction and the plaintiff states in his petition that Fielding was acting as agent and president of the company in making the sale. He signed the contract as president of the company, in which it was recited that the company was selling and delivering the stock to plaintiff and that the company acknowledged payment of the consideration for the sale. In the last paragraph of the agreement

Bank v. Barons.

it was recited that if plaintiff exercised his option to sell the stock at any time after the end of a year, it was to be offered not to Fielding but to the company, which was to have the refusal of the same at the market price of the stock. If there had been no disclosure of the principal in the body of the contract the mere appending of the word "president" would not be sufficient of itself to relieve the signer of individual liability. Where, as here, the body of the agreement discloses the principal and shows that it is the agreement of the company and not of the signer, and the signature itself indicates that it was executed in a representative capacity, it must be regarded as the agreement of the company and not of the signer. (Note, 42 L. R. A., n. s., 1.) The entire agreement must be considered in ascertaining the intention of the parties, and taking all the terms of the writing together it is clear that it was the company and not the defendant which was assuming the obligations of the agreement. It could only act through its officers and agents, and the defendant signed the writing in his representative capacity, indicating that he was acting for the company and not for himself. Besides, as we have seen, the plaintiff alleged that this was the capacity in which he was acting. The consideration was one moving to the company and nothing in it indicates that any individual consideration passed to Fielding.

The decision of the court sustaining the demurrer must therefore be upheld.